# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ERIC WARE, Inmate #R-32516,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-cv-727-GPM |
| | ) | |
| **CHAPLAIN LOVE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Numerous motions are pending in this action.

### **MOTION FOR INJUNCTIVE RELIEF (DOC. 3)**

Plaintiff seeks an order for immediate injunctive relief, otherwise known as a temporary restraining order (TRO). A TRO is an order issued without notice to the party to be enjoined that may last no more than ten days, and such an order may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other claim for relief, the Court finds that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

**IT IS THEREFORE ORDERED** that the request for issuance of injunctive relief is **DENIED**.

**MOTION FOR CLASS ACTION CERTIFICATION AND TO APPOINT COUNSEL (DOC. 4)**

The gist of this action is religious discrimination against Muslims. Among other things, Plaintiff alleges that Defendants refuse to accommodate Muslims with a proper religious diet or access to services.

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED.R.CIV.P. 23(a).

Plaintiff makes no showing on any of these elements. Therefore, the request for class action certification is **DENIED**.

Plaintiff also includes a one-line request for appointment of counsel; this motion is **DENIED**.

**MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. 9)**

In this request for issuance of a TRO, Plaintiff claims that he is being denied access to the law library with regard to court deadlines issued in another case pending in this District. *See Ware v Uchtman*, Case No. 06-cv-468-GPM (S.D. Ill., filed June 15, 2006). Events affecting that case have no relationship to this action; this motion is **DENIED**.

**MOTION FOR ORDER OF CONTEMPT (DOC. 15)**

Plaintiff asks the Court to hold Defendant Ryker in contempt of court for refusing to provide

Plaintiff with a copy of his trust fund certificate as directed by the Court. Plaintiff has since filed a copy of that statement (Doc. 21), so this motion is now **MOOT**.

**MOTION TO HAVE MAIL OPENED IN HIS PRESENCE, AND FOR COPIES (DOC. 16)**

In this letter construed as a motion, Plaintiff complains that some defendants have interfered with his mail. Thus, he asks the Court for an order directing that mail from the Court be opened only in his presence. He also asks the Court for copies of certain pleadings. The request regarding the handling of his mail at the prison is **DENIED**. The Court **GRANTS** Plaintiff's request for a copy of his third amended complaint; the Clerk shall send him a file-stamped copy, once that pleading is filed (as directed below). However, sending him a copy of the motion for leave to amend would be a waste of time and resources.

**MOTION TO APPOINT COUNSEL (DOC. 17)**

There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff states only that his written requests to law firms for representation have been declined.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's claims are not that factually complex – his primary claims involve religious discrimination, inadequate medical care, and interference with access to the

courts. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Plaintiff's pleadings in this case, and based on Plaintiff's representation of himself in other cases, this Court concludes that - at this time - Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's motion for the appointment of counsel is **DENIED**.

**AMENDING COMPLAINT (DOCS. 18, 22)**

Plaintiff first sought to file a second amended complaint in which he adds several defendants (Doc. 18). Before that motion was ruled upon, he filed another motion seeking to withdraw his first two complaints, and for leave to file a third amended complaint (Doc. 22).

The motion to amend (Doc. 18) is now **MOOT**. The motion to withdraw and to amend (Doc. 22) is **GRANTED**. The Clerk shall **FILE** Plaintiff's third amended complaint.

**MOTION FOR DECLARATORY RELIEF (DOC. 23)**

In his most recent motion, Plaintiff seeks a declaratory order addressing the handling of his legal mail and his religious freedom. Such an order is not warranted at this time; the motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: 07/29/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge