**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ERIC WARE, Inmate #R-32516,       )
           )
       Plaintiff,        )
           )
vs.                )     CIVIL NO. 07-cv-727-GPM
           )
CHAPLAIN LOVE, *et al.*,       )
           )
       Defendants.     )

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

       Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

       **COUNT 1:**    Against Defendants Love, Ryker, Houston, and Benton for interfering with his rights to practice his religion.

       **COUNT 2:**    Against Defendants Ryker, Lofton, Harding, Benton, and Walker for deliberate indifference to his medical needs.

       **COUNT 3:**    Against Defendant Henry for use of excessive force.

       **COUNT 4:**    Against Defendants Mosely, Ocps, McCorkle, and Grubman for interfering with his access to the courts.

**COUNT 5:**   Against Defendant Ryker for subjecting him to unacceptable conditions of confinement.

## SEVERANCE OF CLAIMS

Rule 18(a) of the Federal Rules of Civil Procedure permits Plaintiff to assert all of his claims against one defendant in one civil action.  Further, Plaintiff may join any number of defendants in one claim if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).

As set forth above, Count 1, Count 2, and Count 5 involve claims against Defendant Ryker, among others; thus, these three counts may be joined in one action.  However, Count 3 and Count 4 seek relief against a separate group of defendants, and each of these claims arises out a separate incident.  The Seventh Circuit recently clarified that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Neither of these two claims is sufficiently related any of the other claims, or to each other, so as to allow them to proceed together in one lawsuit.

Plaintiff is **ADVISED** that the Court is inclined to sever Count 3 and Count 4.  If these claims are severed, each claim would be removed from this case and opened as its own new case.  Two new case numbers would be assigned, and a separate filing fee would be assessed for each new case.

Because the imposition of additional filing fees may impose a financial burden on him, Plaintiff is **FURTHER ADVISED** that he may avoid severance (and the imposition of additional filing fees) by filing a motion to voluntarily dismiss Count 3 and/or Count 4 without prejudice

**within thirty (30) days of the date of this Order**.  Before filing that motion, Plaintiff shall consider whether he could re-file the dismissed claims without running afoul of the applicable 2-year statute of limitations.

Plaintiff is **FURTHER ADVISED** that if he does not move to voluntarily dismiss Count 3 and/or Count 4 within thirty days, the Court will sever these two counts into two separate new cases and impose assessments for two new filing fees.

Plaintiff is **REMINDED** of his continuing obligation to keep the Clerk informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to notify the Clerk in a timely manner of a change in his whereabouts may result in dismissal of this action.

**IT IS SO ORDERED.**

DATED:  09/24/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge