IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC WARE,                          )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )   CIVIL NO. 07-cv-727-GPM
                                    )
CHAPLAIN LOVE, *et al.*,            )
                                    )
        Defendants.                 )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court previously separated the third amended complaint into five counts and advised Plaintiff that some of his claims were improperly joined (*see* Doc. 28). Plaintiff then moved for voluntary dismissal of Count 3 and Count 4 (Doc. 30); this motion is **GRANTED**.

Also before the Court is Plaintiff's motion to supplement pleading (Doc. 31). In this motion, Plaintiff notes that his third amended complaint (Doc. 26) did not include a "statement of venue." Even without such an official statement, though, it is clear from that pleading that venue is proper in this district – Plaintiff indicates that all Defendants may be found at the Lawrence Correctional Center, that he resided at Lawrence at the time of the alleged events, and it is clear that all alleged events occurred at Lawrence. Thus, the motion to supplement is unnecessary and is denied**.**

The three remaining counts from the third amended complaint are:

**COUNT 1:** Against Defendants Love, Ryker, Houston, and Benton for interfering with his rights to practice his religion.

**COUNT 2:** Against Defendants Ryker, Lofton, Harding, Benton, and Walker for deliberate indifference to his medical needs.

>     **COUNT 5:**   Against Defendant Ryker for subjecting him to unacceptable conditions of confinement.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## COUNT 1

Plaintiff states that he is a practicing Muslim. He alleges that in October 2007, Defendant Love removed Plaintiff's name from the approved list to obtain a special religious diet, and that Love also has discriminated against him and other Muslims in other ways (¶¶ 15-22). Plaintiff also alleges that Defendant Houston has deliberately caused him to miss religious services because Houston does not like Muslims (¶¶ 30-31). Finally, Plaintiff alleges that neither Defendant Ryker nor Defendant Benton has done anything to remedy the situation, thus allowing Love's discriminatory practices to continue (¶ 23, 33).

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably

related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases). Accordingly, the Court will not dismiss Plaintiff's First Amendment claims regarding interference with his religious diet and other religious practices.

## COUNT 2

Plaintiff suffers from several medical ailments – hypertension, allergies, acid reflux, and a large cyst on his left hand, to name a few. He alleges that he has sought treatment for these conditions from Defendants Lofton (¶¶ 26, 27) and Harding (¶¶ 28, 29), but each has refused to provide him with proper treatment. He has also filed grievances about his medical treatment, but neither Ryker (¶¶ 24, 25), Benton (¶ 34) or Walker (¶ 35) provided an appropriate response to those grievances, nor did they take action to ensure that he received proper medical treatment.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate"

> a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.
> 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Applying these standards to the allegations in the complaint, the Court will not dismiss these medical claims at this time.

## COUNT 5

This count consists of two separate claims. Plaintiff alleges, first, that in January 2008, he spoke personally with Defendant Ryker about his need for gloves and a cap due to the winter cold (¶ 43). He explained to Ryker that he had suffered frostbite the previous winter, yet Ryker failed to take steps to provide Plaintiff with adequate clothing. As a result, Plaintiff states that he suffered from hypothermia.

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in extreme cold could constitute Eighth Amendment violation). The cold need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642. Applying these standards to the allegations in the complaint, at this time the Court will not Plaintiff's claim regarding the cold conditions in January 2008.

Plaintiff's second claim involves representations made on the institution's website

(¶¶ 44-45). He alleges that Ryker has make false representations on the website regarding conditions at Lawrence. Apparently these representations present such a rosy view of life at Lawrence that Plaintiff does not receive financial support from his family. He also believes that he is deprived of funding from the federal government and unspecified religious organizations because these entities believe the statements on the website.

Plaintiff does not provide a URL for this misleading website. The Court has reviewed the page about Lawrence on the Illinois Department of Corrections website, however, and finds no statements regarding time out of cells, baseball diamonds, or horseshoes.[1] Furthermore, the United States Constitution does not guarantee Plaintiff supplemental funding from his family, the government, or religious organizations. Therefore, this claim is legally frivolous and is dismissed as such.

**DISPOSITION**

**IT IS ORDERED** that, on Plaintiff's motion, **COUNT 3** and **COUNT 4** are **DISMISSED** from this action without prejudice to Plaintiff filing those claims in separate lawsuits. Defendants **HENRY, MOSELY, OCPS, MCCORKLE,** and **GRUBMAN** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claim in Count 5 regarding representations on the website is **DISMISSED** from this action with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

---

[1] *See* http://www.idoc.state.il.us/subsections/facilities/information.asp?instchoice=law (accessed December 29, 2008).

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **BENTON, HARDING, HOUSTON, LOFTON, LOVE, RYKER,** and **WALKER** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **SEVEN (7)** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **BENTON, HARDING, HOUSTON, LOFTON, LOVE, RYKER** and **WALKER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BENTON, HARDING, HOUSTON, LOFTON, LOVE, RYKER** and **WALKER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service,

should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Illinois Department of Corrections pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 01/22/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge