# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC WARE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL NO. 07-cv-727-GPM |
| CHAPLAIN LOVE, *et al.*, | ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff filed a motion for post judgment relief (Doc. 33). A motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and*

*suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). In contrast, Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964).

Although Plaintiff references Rule 60 in his motion, he challenges the Court's interpretation of his allegations and the application of the law to that interpretation. Giving him the benefit of liberal construction, the Court will construe the instant motion as filed pursuant to Rule 59(e). Plaintiff argues that the Court should not have dismissed his claim regarding false representations on the Illinois Department of Corrections's website. In the order entered January 22, 2009 (Doc. 32), the Court stated:

> Plaintiff's second claim involves representations made on the institution's website (¶¶ 44-45). He alleges that Ryker has make false representations on the website regarding conditions at Lawrence. Apparently these representations present such a rosy view of life at Lawrence that Plaintiff does not receive financial support from his family. He also believes that he is deprived of funding from the federal government and unspecified religious organizations because these entities believe the statements on the website.
>
> Plaintiff does not provide a URL for this misleading website. However, the Court has reviewed the page about Lawrence on the IDOC website, and the Court finds no statements regarding time out of cells, baseball diamonds, or horseshoes [footnote omitted]. Even if such representations were made, the Court cannot see how such statements would affect the generosity of Plaintiff's family. Furthermore, the Court is unaware of any constitutional provision that guarantees Plaintiff supplemental funding from his family, the government, or religious organizations. Therefore, this claim is legally frivolous and is dismissed as such.

Plaintiff now asserts that his allegations stated a claim under the Religious Land Use and

Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.*, as well as under the Unified Code of Corrections. The Court disagrees: alleged representations on the website that "inmates are out of their cells for 6 hours a day and locked down for 18 hours, that Plaintiff and other inmates have a baseball diamond, that inmates are able to play horseshoes, and other false entities" (Doc. 26 ¶ 44) does not give rise to a viable federal claim under RLUIPA, the First Amendment, or any other constitutional or statutory provision.

The Court is persuaded that its ruling dismissing this claim pursuant to 28 U.S.C. § 1915 was correct. Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: 02/17/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge